IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| **GRANITE STATE INSURANCE COMPANY**,<br>175 Water St., 18th Floor<br>New York, NY 10038<br><br>   Plaintiff,<br><br>v.<br><br>**T & Z INSTALLATION, LLC.**,<br><br>SERVE:<br>4250 Venetian Lane<br>Fayetteville, AR 72703<br><br>   Defendant. | Case No.: 2:21-cv-02022-PKH |

## COMPLAINT

Plaintiff Granite State Insurance Company ("Granite State") alleges the following against Defendant T & Z Installation, LLC ("T & Z Installation"):

## PARTIES

1. Granite State is an insurance company duly organized and authorized to transact insurance business under the laws of Illinois, in good standing, with its principal place of business located at 175 Water Street, New York, NY 10038.

2. T & Z Installation is, and was at all relevant times herein, an Arkansas limited liability company with its principal place of business located in Knoxville, Arkansas.

## JURISDICTION AND VENUE

3. There is complete diversity pursuant to 28 U.S.C. § 1332 because Granite State is a citizen of Illinois and New York, and T & Z Installation is a citizen of Arkansas.

4.       As set forth below and incorporated herein, the amount in controversy requirements of 28 U.S.C. § 1332 are satisfied because there is more than $75,000 at issue, exclusive of costs and interest.

5.       This action properly lies in the Western District of Arkansas pursuant to 28 U.S.C. § 1391 because T & Z Installation does or did business in this District, maintains a business address within this District, and failed to remit insurance premium within this District.

6.       Venue is likewise proper in this District under 28 U.S.C. § 1391(b)(2), because the events giving rise to this claim (*i.e.*, failure to remit payment for insurance premium) occurred in this district.

## FACTUAL ALLEGATIONS

7.       Granite State incorporates each of the preceding allegations as if fully restated herein.

8.       On or about February 12, 2018, Granite State issued to T & Z Installation a workers' compensation insurance policy, Policy Number 017064428-00218076 ("The Policy"), for the policy period March 17, 2018 to Marcy 17, 2019 ("Policy Period"). A true and correct copy of The Policy is attached hereto and incorporated by reference herein as **Exhibit A**.

9.       The total estimated annual premium for the Policy Period was $115,002.00. In addition, taxes and fees of $461.00 were assessed at the initiation of the Policy Period. **Exhibit A**.

10.      On April 11, 2018, Granite State issued to T & Z Installation an endorsement that amended the class codes of several of T & Z Installation's employees ("First Endorsement"). The First Endorsement increased the outstanding premium by $44,240.00. A true and correct copy of the First Endorsement is attached hereto as **Exhibit B**.

11.      On August 27, 2018, Granite State issued to T & Z Installation an endorsement that amended the class codes of several of T & Z Installation an endorsement that amended the class

2

codes of Several T & Z Installation's employees ("Second Endorsement"). The Second Endorsement increased the outstanding premium by $106,372.00. A true and correct copy of the Second Endorsement is attached hereto as **Exhibit C**.

12. On March 29, 2019, Granite State issued to T & Z Installation an endorsement that amended the experience modification factor ("Third Endorsement"). The Third Endorsement increased the outstanding premium $62,492.00. A true and correct copy of the Third Endorsement is attached hereto as **Exhibit D**.

13. Pursuant to The Policy, Granite State conducted an audit of T & Z Installation's books and records for the Policy Period on July 3, 2019 ("The Audit").

14. In The Audit, Granite State found T & Z Installation owed an additional premium in the amount of $628,914.00. **Exhibit E** (Audit Advice).

15. Ultimately, T & Z Installation owed the following total premium for the Policy Period ("Final Premium"):

| Description | Premium Due |
| --- | --- |
| Initial Estimated Premium | $ 115,002.00 |
| Taxes and Fees | $ 461.00 |
| First Endorsement | $ 44,240.00 |
| Second Endorsement | $ 106,372.00 |
| Third Endorsement | $ 62,492.00 |
| Audit Adjustment | $ 628,914.00 |
| **Total (Final Premium)** | **$ 957,481.00** |

16. Between March 2018 and March 2019, T & Z Installation made payments in the amount of $255,392.00.

17. Subtracting the monies paid to Granite State, the remaining premium balance due for the Policy Period is **$702,089.00**.

## The Policy's Terms

18. The Policy provides that the premium initially charged "is an estimate" and that the "final premium will be determined after [the] policy ends by using the actual, not the estimated, premium basis and the proper classifications and rates that lawfully apply to the business and work covered by [the] policy." **Exhibits A**, Part 5(E).

19. The Policy also provide that Granite State may conduct audits within three years after The Policy end, and "[i]nformation developed by audit will be used to determine [the] final premium." **Exhibits A**, Part 5(G).

20. T & Z Installation received and accepted the insurance coverage of The Policy, and agreed under the terms of The Policy to pay all premium due. **Exhibits A**, Part 5(D).

21. Granite State fully performed all necessary conditions of The Policies.

## T & Z Installation's Failure to Pay

22. T & Z Installation failed to pay Granite State the full amount of the Policy Period Final Premium.

23. Granite State issued invoices to T & Z Installation for the insurance premium due, but T & Z Installation has failed to remit payment.

24. The total remaining balance due from T & Z Installation on The Policy is $702,089.00, plus any applicable costs, interest, and attorneys' fees.

## **COUNT I – BREACH OF CONTRACT**

25. Granite State incorporates each of the preceding allegations as if fully restated herein.

4817-0190-4329

26. Granite State issued The Policy to T & Z Installation over the Policy Period. **Exhibits A**.

27. Under The Policy, T & Z Installation agreed to remit premium due and owing to Granite State, in exchange for the benefits of coverage under The Policy.

28. The Final Premium that T & Z Installation owed for the Policy Period was to be determined when the policy period ended, using the actual premium basis and the proper classifications and rates lawfully applicable to the business and work covered by The Policy, including through use of audits of T & Z Installation's books and records. *See* **Exhibits A**, Part 5(E, G).

29. The estimated premium that T & Z Installment owed for The Policy was determined based on information provided by T & Z Installment. *See* **Exhibits A**, Part 5(E, G).

30. Granite State conducted audits of T & Z Installation's books and records, and used the proper classifications and rates that applied to the business and work covered by each individual engaged in work for T & Z Installation.

31. Granite State fully performed its duties under The Policy.

32. Granite State issued invoices to T & Z Installation for the outstanding premium in the amount of $702,089.00.

33. T & Z Installation failed to pay the premium due and owing to Granite State under The Policy.

34. Because of T & Z Installation's non-payment, Granite State has suffered actual damages in the amount of $702,089.00, plus additional pre-judgment and post-judgment interest, and costs.

## **COUNT II – QUANTUM MERUIT/UNJUST ENRICHMENT**

35. Granite State incorporates each of the preceding allegations as if fully restated herein.

36. At all relevant times herein, Granite State conferred benefits upon T & Z Installation by providing T & Z Installation with workers' compensation insurance coverage.

37. At all relevant times herein, T & Z Installation had knowledge of the benefits conferred by Granite State.

38. T & Z Installation voluntarily accepted, retained, and received the benefits provided by Granite State.

39. Granite State enriched T & Z Installation by the benefits provided.

40. T & Z Installation did not pay Granite State in full for the value of the benefits received.

41. Granite State asserts that the remaining unpaid value of the benefits it conferred to T & Z Installation equals $702,089.00.

42. Despite the receipt of the enrichment, T & Z Installation has refused to make full payment to Granite State for the enrichment received.

43. T & Z Installation's enrichment is unjust.

44. T & Z Installation's retention of benefits under these circumstances violates fundamental principles of justice, equity, and good conscience; the circumstances render T & Z Installation's retention of the benefits inequitable unless T & Z Installation pays Granite State for the value of the benefits received.

45. As a result of T & Z Installation's unjust enrichment, Granite State is owed $702,089.00, plus any additional pre-judgment and post-judgment interest and costs.

## PRAYER FOR RELIEF

WHEREFORE, Granite State seeks a judgment against T & Z Installation in an amount no less than $702,089.00, plus costs, expenses, pre-judgment and post-judgment interest, and such further legal and equitable relief as this Court deems appropriate or such other amounts as determined by this Court.

Dated: January 20, 2021

Respectfully submitted,

**SHOOK, HARDY & BACON LLP**

 /s/  Britta Palmer Stamps
Britta Palmer Stamps, Esq.
Arkansas Bar No. 2016096
2555 Grand Boulevard
Kansas City, Missouri 64105
Telephone: (816) 559-2895
Facsimile: (816) 421-5574
Email: bstamps@shb.com

AND

Ashley N. Harrison*
Emily M. Pedersen*
2555 Grand Blvd.
Kansas City, Mo 64108
Phone: (816) 474.6550
Fax: (816) 421.5547
aharrison@shb.com
epedersen@shb.com
*Pro Hac Vice Applications Forthcoming*

*Attorneys for Plaintiff*

4817-0190-4329